April 14, 2006

Assistant United States Attorney Michael Truscott
555 Fourth Street, N.W.
Washington, D.C. 20530

       Re:  *United States v. Travis Sweet*
           Cr. No. 06-061 (RCL)

Dear Mr. Truscott:

Pursuant to Fed.R.Crim.P. 12(d)(2), 16(a), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable caselaw, rules and statutes, I am writing to request discovery in the above-captioned case. I realize that you have already provided some discovery that may be requested below, but to the extent that you have not, please respond appropriately. All of the discovery requested below applies to information in any form which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence, may become known to the government.

I request discovery as follows:

  (1) The Defendant's Statements. Under Fed.R.Crim.P. 16(a)(1)(A), the defendant is entitled to disclosure of all copies of any written or recorded statements made by him; the substance of any statements made by him that the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements that the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of any government agent; any response to any Miranda warnings that may have been given to the defendant, (*see U.S. v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed.R.Crim.P. 16(a)(1)(A). This request includes any written statement made by Mr. Sweet to a third person which appears in any government notes, reports, or memoranda. *U.S. v. Caldwell*, 543 F.2d 1333 (D.C. Cir. 1974).

  (2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is

contained. This is all discoverable under Fed.R.Crim.P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). See also *Loux v. U.S.*, 389 F.2d 911 (9th Cir. 1968); *U.S. v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *U.S. v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *U.S. v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967).

Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports about the defendant are available under Fed.R.Crim.P. 16(a)(1)(B) and (C), Fed.R.Crim.P. 26.2 and 12(i). Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time.

(3) Reports of Scientific Tests or Examinations. Pursuant to Fed.R.Crim.P. 16(a)(1)(D), defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to any fingerprint analysis and drug analyses and reports of physical and mental examinations, which are material to the preparation of the defense or which are intended for use by the government at trial.

(4) The Defendant's Prior Record and Rule 404(b) evidence.

(a)     The defendant requests, under Fed.R.Crim.P. 16(a)(1)(B), that the government provide a copy of the defendant's prior criminal record, if any, as reflected in FBI, federal and local court records and corresponding police incident reports.

(b)     A statement as to whether or not the government intends to offer evidence pursuant to Rule 404(b) of the Federal Rules of Evidence against Mr.Sweet. If yes, provide a specific factual statement describing the evidence.

(5) *Brady* Material. The defendant requests all documents, books, papers, statements, agents' reports, photographs, scientific tests or experiments, written or recorded statements of anyone, reports, memoranda, names and addresses of persons, grand jury transcripts and tangible evidence which either tends to exculpate the defendant or tends to be favorable or useful to the defense as to either guilt or punishment, or tends to effect the credibility of potential government witnesses or the weight of their testimony or which will lead to evidence favorable to or exculpatory to the defendant. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v United States,* 405 U.S. 150 (1932*)* and their progeny, *U.S. v. Bagley*, 473 U.S. 667 (1985); *U.S. v. Agurs*, 427 U.S. 97 (1976). This request includes negative exculpatory statements, such as statements by the co-defendant or other informed witnesses which fail to mention the defendant.

(6) Evidence Seized. Evidence seized because of any search, either warrantless or pursuant to a warrant, is discoverable under Fed.R.Crim.P. 16(a)(1)(C) and inspection of all such evidence is now requested. Please provide a viewing letter for my investigator, and myself in order that we may examine all such evidence. Please also provide a list of all drugs and quantities thereof, which the government intends to

attribute to Mr. Sweet.

(7) Request for Preservation of Evidence. The defendant specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest of the defendant in this case be preserved.

(8) Tangible Objects.

(a) The defendant requests, under Fed.R.Crim.P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant. Please provide a viewing letter as requested in para. (6) above.

(b) A list of all exhibits which the government intends to introduce at trial in its case-in-chief.

(9) The names and addresses of all persons whom the prosecution, its agents and representatives believe to have relevant knowledge and/or information with reference to the charges contained in the indictment but whom the prosecution does not propose to call as witnesses at trial, along with all statements of such persons made to government agents or the grand jury which pertain to Mr. Sweet or the allegations in the indictment against Mr. Sweet.

(10) Any statements made, information or document provided by a prospective government witness that conflicts in part or in whole with (1) the statement of another prospective witness, (2) a prior statement made by the same government witness with regard to the subject matter of the expected trial testimony of witnesses, or (3) any other document or witness.

(11) All information, records and transcripts which in any way indicate or reveal that any prospective government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete or inaccurate information or testimony to any state or federal law enforcement officer or agency, any state or federal grand jury, any state or federal trial court while testifying at trial and/or any related or preliminary proceeding.

(12) Evidence of Bias or Motive to Lie.

(a) The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony, *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), including, but not limited to copies of any plea agreements

with cooperating witnesses, as well as any and all statements formal or informal, oral or written, by the federal or state government, its agents and representatives, to any person (including counsel for such person) whom the prosecution intends to call as witness at trial, pertaining in any way to the possibility, likelihood, course or outcome of any government action, state or federal, civil or criminal, including immigration matters, against the witness, his family, or anyone associated in business with the witness, or any corporation, partnership, joint venture or other association employing the witness or in which the witness has an interest.

(b) Any and all statements reflecting, or referring to, any discussion or conversation which any agent or representative of any local or federal government suggesting that any individual might possibly be afforded more favorable treatment in any regard in the event such individual offered evidence against the defendant. This list includes a list of the date(s), time(s), and place(s) of each such occurrence and the name(s) of the person(s), including counsel, who were present.

(c) Any and all actions, promises or efforts, formal or informal, on the part of the government, its agents and representatives to aid, assess, or obtain benefits of any kind for any person whom the government considers a potential witness at trial, or a member of the immediate family of such witness. This request includes, but is not limited to: (a) letters informing the recipient of the witness' cooperation; (b) recommendations concerning federal aid or benefits; (c) promises to take affirmative action to help the status of the witness in a profession, business or employment or promises not to jeopardize such status; (d) aid or efforts in securing or maintaining the business or employment of a witness; (e) aid or efforts concerning a new identity for the witness and his or her family, together with all other actions incidental thereto; (f) direct payments of money or subsidies to the witness; or (g) any other activities, efforts or promises similar in kind or related to the items listed in (a) through (f) above.

(13) Impeachment Evidence.

(a) The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See, Fed.R.Evid. 608, 609 and 613. Such evidence is discoverable under *Brady*, 373 U.S. at 83. See, *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988)(witness' prior record); *Thomas v. U.S.*, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from witness' credibility).

(b) Any statements or documents, including, but not limited to grand jury testimony, and federal, state and local tax returns made, or executed by, any potential government witness at the trial in this action which the government knows, or through reasonable diligence, should have reason to know is false.

(c) A list of all judicial proceedings in any criminal case involving any person who is, or may be, a potential government witness at the trial in this action.

(14)   A statement as to whether the government intends to utilize accomplice or co-defendant statements or testimony at trial. Any co-defendant statement admissible against Mr. Sweet under Federal Rules of Evidence 801(d)(2)(E) made by any co-defendant whom the government does not intend to call as a witness at trial. *U.S. v. Disston*, 612 F.2d 1035 (7th Cir. 1980); *U.S. v. Percevault*, 490 F.2d 126 (3d Cir. 1974); *U.S. v. McMillen*, 489 F.2d 229 (7th Cir. 1972).

(15)  Evidence of Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or other inappropriate conduct. *U.S. v. Chitty*, 760 F.2d 425 (2d Cir. 1985).

(16)  Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective government witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213,224 (4th Cir. 1980).

(17)  A written list of the names and addresses of all government witnesses which the attorney for the government intends to call in the presentation of its case-in-chief, together with any criminal record or evidence of prior convictions of any such witness.

(18)  Names of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who has made an arguably favorable statement concerning the defendant. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213,223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164,1168 (6th Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979).

(19)  Statements Relevant to the Defense. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *U.S. v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).

(20)  Jencks Act Material. The defense requests all material to which the defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed.R.Crim.P. 26.2. The defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

(21)  Government Examination of Law Enforcement Personnel Files. The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which the government could obtain for all testifying witnesses, including testifying officers and agents. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is

exculpatory, pursuant to its duty under *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). *See U.S. v. Jennings*, 960 F.2d 1488,1492 (9th Cir. 1992).

     (22) Pursuant to Fed.R.Crim.P. 16(a)(1)(E), the defendant requests disclosure of the identities, addresses and qualifications, together with all reports made by such experts or, if reports have not been made, a written summary of testimony of any expert witness the government intends to call at trial. This request includes notice of the expert's qualifications, as well as the bases of the expert's opinion, whether or not the expert prepares a report.

     (23) A list of all documents used, obtained or written in connection with the investigation preceding the indictment in this case that the government has destroyed, for whatever reason, including but not limited to, rough notes of interviews, reports, memoranda, subpoenaed documents and other documents.

     (24) The date, time and place of every occasion on which any surveillance, mail cover, search and/or seizure, whether electronic, photographic, videotape, mechanical, visual, oral or any other type, was made of Mr. Sweet, his residence, any person or entity associated with him, together with all documents, photographs, recordings or other material resulting from, or reflecting, or relating to, such occasion, including but not limited to affidavits and warrants utilized in connection therewith.

     (25) Any statement as to whether or not, during the course of the investigation of this matter, Mr. Sweet's photograph, likeness or image was exhibited to anyone. This request includes a list of the date(s), time(s) and place(s) of each such occurrence, and the name(s) of the person(s), including counsel, who were present.

     (26) Mr. Sweet further requests all information to which he is entitled pursuant to 18 U.S.C. §3500 and Rule 26.2 of the Federal Rules of Criminal Procedure.

This request for discovery may be supplemented when Mr. Sweet knows more about the case and is in a position to specify other areas of discovery.

Thank you for your assistance in this matter.

                                                   Sincerely yours,

                                                   _____

                                                   Joanne Vasco

cc: Court case file