UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. 06-061 (RCL)** |
| | : | |
| **TRAVIS SWEET,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |
| **(Lead defendant Curtis Wilson)** | : | |
| | : | |

**MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION
TO INTRODUCE OTHER CRIMES, WRONGS, ACTS AND MISCONDUCT
EVIDENCE AND POINTS & AUTHORITIES IN SUPPORT THEREOF**

Defendant herein, Travis Sweet., through counsel, pursuant to Rule 404(b) of the Federal Rules of Evidence, moves this court to direct the government to give pre-trial notice if it intends to introduce evidence alleging Mr. Sweet's commission of other crimes, wrongs, acts and misconduct, (hereinafter "bad acts") and to provide Mr. Sweet, within 30 days, a list of all such evidence, including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence.  This request includes the disclosure of any other "bad acts" evidence which the government maintains is not subject to notice under Rule 404(b).

Rule 404(b) requires that the prosecution provide "reasonable notice" in advance of trial of its intent to introduce evidence of a defendant's other crimes, wrongs, or acts.  However, Mr. Sweet's right to be advised of "bad acts" evidence prior to trial arises from basic rights under the Fifth and Sixth Amendments.  These include the right to notice of the nature and cause of the accusation, the right to prepare a defense, the right to confrontation of witnesses, the right to effective assistance of counsel, and the right to due process of law.  These guarantees will be

frustrated if Mr. Sweet does not receive notice of such evidence until it is offered against him at trial. *United States v. Baum,* 482 F.2d 1325 (2d Cir. 1973).

Mr. Sweet has been charged with one count of distribution of cocaine and one count of possession with intent to distribute cocaine. Mr. Sweet requests that the government be required to submit its proposed "bad acts" evidence within the next month, in order to allow him sufficient time to investigate any allegations and respond to the government's proposal. Early disclosure of this information will allow Mr. Sweet a fair opportunity to fully investigate in order to meet the evidence on the merits and prevent prejudicial surprise.

Rule 104(a) of the Federal Rules of Evidence requires that preliminary questions regarding admissibility of evidence be determined by the court. Given the likelihood that the court will be ruling on a number of pretrial motions, the submission of the government's proposed Rule 404(b) evidence now will put the court in a position to make an early pre-trial ruling on this fairly straightforward issue.

**WHEREFORE**, for the foregoing reasons, Mr. Sweet requests that the court order the government to provide Mr. Sweet, within 30 days, a list of any contemplated "bad acts" evidence, including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence, whether or not this evidence is deemed to require notice under Rule 404(b).

Respectfully submitted,

/s/_____
JOANNE VASCO
4102 Madison Street
Hyattsville, Maryland 20781
301.864.6424
Attorney for Travis Sweet
(Appointed by the Court)