UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Criminal No. 06-061 (RCL) |
| : | |
| TRAVIS SWEET,  : | |
| : | |
| Defendant  : | |
| : | |
| (Lead defendant Curtis Wilson)  : | |
| : | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SEVER DEFENDANT AND COUNTS

Defendant Travis Sweet moves this court to sever his trial on Counts Three and Four of the indictment from the trial of defendant Curtis Wilson and to sever Counts Three and Four from Counts Two and Five and as grounds, shows the court:

RELEVANT FACTS

1. On March 24, 2006, Mr. Sweet was arraigned on a five-count indictment, along with four co-defendants. Mr. Sweet was charged in Counts Three (individually) and Four (with defendant Patrick) of the indictment, with distribution of cocaine base and possession with intent to distribute cocaine base respectively.

2. The indictment also charges Jerome Kinard in Count One with distribution of cocaine base; in Count Two Curtis Wilson with maintenance of a premises to distribute, store and use a controlled substance; and in Count Five Curtis Wilson with being a felon in possession of a firearm.

## ARGUMENT

1. **Misjoinder**

   Rule 8(b) of the Federal Rules of Criminal Procedure provides that:

   Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in the same count.

   Rule 8(b) is the provision governing joinder when more than one defendant is charged. *United States v. Nicely,* 922 F.2d 850, 853 (D.C. Cir. 1991). In multi-defendant cases, the Rule 8(a) provision for joinder of offenses of the "same or similar character" is eliminated. *Id.* at 853.

   In the instant case, the counts involving Mr. Sweet are not properly joined with the counts charging maintaining an unlawful premises and felon in possession. Count Two involves the maintenance of a premises to manufacture, distribute store and use a controlled substance, an activity in which Mr. Sweet is not alleged to have been involved in any way. Upon execution of a search warrant on the premises at 3650 Minnesota Avenue, SE, Apartment 101, a black jacket which was seized contained Mr. Wilson's identification and a key to the apartment. There is no evidence that Mr. Sweet participated in the possession or control of Apartment 101. Rule 8(b) "may not be read to embrace similar or even identical offenses, unless those offenses are related . . . [T]here must be a logical relationship between the acts or transactions within the series." *United States v. Nicely,* 922 F.2d at 853. Joinder of defendants under Rule 8(b) requires "some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each

offense . . . [T]o be part of the same series of acts, the offenses charged must be part of one overall scheme about which all joined defendants knew and in which they all participated." *United States v. Sazenski*, 833 F.2d 741, 745 (8th Cir. 1987) (citations omitted). Neither the indictment, nor the facts as presented in police reports support the notion that Mr. Sweet participated in unlawfully maintaining the apartment. His presence in the apartment on the day the search warrant was executed and the allegation that he sold cocaine from the apartment do not provide the link necessary for proper joinder.

Likewise, possession of a weapon by a convicted felon is not related to Counts Three and Four of the indictment. The government has presented no facts which would support that Mr. Sweet was aware of the presence of weapons on the premises, or that he was ever inside Apartment 101 except for the day the warrant was executed.

> While the general rule is that counts for several felonies of the same general nature, requiring the same mode of trial and punishment, may be joined in the same indictment or to compel an election, such joinder cannot be sustained where the parties are not the same and where the offenses are in no wise parts of the same transaction and must depend upon evidence of a different state of facts as to each or some of them. It cannot be said in such case that all the defendants may not have been embarrassed or prejudiced in their defence, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions.

*United States v. Spector*, 326 F.2d 345, 350 (7th Cir. 1963), quoting *McElroy v. United States*, 164 U.S. 76, 79 (1896).

Proof of the unlawful maintenance of the premises and the possession by a codefendant of a prohibited weapon could not be presented in a separate trial of Counts Three and Four because the proof of each count would depend on evidence of a different set of facts. Mr. Sweet is not alleged to have participated in the same acts or transactions as defendant Curtis Wilson; therefore, joinder of Counts Three and Four with Counts

Two and Five was improper. *See, e.g. Ingram v. United States,* 272 F.2d 567, 569 (4th Cir. 1959).

2.  **Relief from Prejudicial Joinder**

    a.  **Severance of Counts**

Rule 14 of the Federal Rules of Criminal Procedure provides for severance from prejudicial joinder. Severance for prejudicial joinder under Rule 14 is within the discretionary power of the trial court. *United States v. Lutz,* 621 F.2d 940, 945 (9th Cir. 1980).

Counts Three and Four should be severed for trial because of the prejudice Mr. Sweet would face if all counts were tried together. Even though the government could introduce no evidence linking Mr. Sweet to the offenses in Counts Two and Five, the jury could cumulate this evidence and the evidence against Mr. Sweet on Counts Three and Four, to find Mr. Sweet guilty. The government will strive to link the conduct alleged in Counts Two and Five with the conduct in Counts Three and Four. Due to the inflammatory nature of evidence related to weapons in the District of Columbia, which suffers from an extraordinarily high homicide rate, the jury may well seek to convict all defendants based solely due to the presence of weapons in the apartment and/or confuse the evidence on the counts and find Mr. Sweet guilty of the based on irrelevant evidence.

    b.  **Severance of Defendants**

Mr. Sweet is entitled to be tried separately from defendant Curtis Wilson. The evidence against Mr. Sweet consists of one allegation of distribution of cocaine and one allegation of possession of cocaine for distribution. The possession charge is based on the circumstance that Mr. Sweet was found within the apartment on the day of the search.

On the other hand, the evidence against Curtis Wilson is overwhelming. He was in control of the apartment as evidenced by a key to the apartment door found in his jacket, which also contained a weapon.

If it becomes apparent that the evidence against one defendant is far more damaging than against another, raising the spectre of guilt by association, severance is necessary. *United States v. Mardian,* 546 F.2d 973, 979-81 (D.C. Cir. 1976); *United States v. Sampol,* 636 F.2d 621, 642-51 (D.C. Cir. 1980).

In *Rhone v. United States,* 365 F.2d 980 (D.C. Cir. 1966), the D.C. Circuit recognized that "[p]rejudice from joinder of defendants may arise in a wide variety of circumstances . . . " 365 F.2d at 981. In *United States v. Sampol,* 636 F.2d 621, 642-648 (D.C. Cir. 1980), this Circuit recognized that a great disparity in the weight and quantum of the government's evidence can justify a severance. Mr. Sweet was involved in one undercover sale, which alone provides the basis for the possession count. Mr. Sweet is not charged with gun possession or in maintaining a premises for unlawful purposes. The evidence against Mr. Sweet in this case is "dramatically disparate" from that against defendant Curtis Wilson and there is no "substantial and independent evidence" of his . . . .involvement in control of the premises or joint possession of the narcotics located therein. *United States v. Tarantino,* 846 F.2d 1384, 1398-99 (D.C. Cir. 1988), *cert. denied,* 488 U.S. 840. Accordingly, severance is required in this case. *Cf United States v. Andrews,* 754 F.Supp. 1161 (N.D. Ill. 1990) (granting severance of defendants based upon disparity of evidence).

"[N]ot only the weight of the evidence, but also the quantity and type of evidence [to be] adduced against the co-defendants, is a vital consideration in evaluating the

necessity for a severance." *United States v. Sampol,* 636F.2d at 646. As this Circuit stated in *Sampol,* "[t]o speak in terms of 'transference' or 'rubbing off' of guilt, classic expressions used to explain why severance is justified in a particular case, would be to downplay the prejudice" to which Mr. Sweet will be subjected in a joint trial with the others charged in the indictment who were actually in controlling the premises and possessing a weapon in furtherance of the criminal activity. Moreover, the prejudice cannot be cured through jury instructions directed at having the jury compartmentalize the evidence. In *United States v. Daniels,* 770 F.2d 1111 (D.C. Cir. 1985), although deciding a slight different issue, the D.C. Circuit expressed its extreme skepticism about the

> efficacy of jury instructions in curing the prejudice caused by the introduction of other crimes evidence. . . . To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond normal capacities . . . and the naive assumption that prejudicial effects can be overcome by instructions to the jury 'becomes more clearly than ever unmitigated fiction'.

*Daniels,* 770 F.2d at 1118.

> A codefendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together.

*Krulewitch v. United States,* 336 U.S. 440, 454 (1949).

The situation in the instant case presents precisely that problem and it is one which jury instructions cannot cure. Accordingly, a severance is warranted in this case.

Potential *Bruton* problems should be addressed and a severance granted to avoid them. It is unclear from discovery whether any of the *Bruton* problems exist. This

motion is made in an effort to resolve any such issues pretrial so that the court may grant a severance if necessary. It is requested that the government provide notice of co-defendants' statements it intends to introduce so that *Bruton* problems can be addressed.

The essence of the Sixth Amendment right to confrontation is the right to cross-examine a witness. *Pointer v. Texas,* 380 U.S. 400, 404 (1964). Consequently the admission of a co-defendant's statement incriminating a defendant where the co-defendant is not available for cross-examination constitutes reversible error. *Bruton v. United States,* 391 U.S. 123 (1968). In *Bruton*, two co-defendants were tried jointly for armed postal robbery. A postal inspector testified that one of the co-defendants had confessed that he and the defendant had committed the crime. The Supreme Court found that the admission of such hearsay struck at the very heart of the confrontation clause. Furthermore, the court held that an instruction to disregard such prejudicial testimony as to one but not both of the co-defendants cannot insure the defendant will receive a fair trial.

More recently, in *Cruz v. New York,* 481 U.S. 186 (1987), the Supreme Court reaffirmed the holding of *Bruton* and overruled the limiting plurality holding in *Parker v. Randolph,* 442 U.S. 62 (1979). In so doing, the Court indicated its resolve to continue to uphold *Bruton* and its commitment to the principle that

> [w]here two or more defendants are tried jointly, therefore, the pre-trial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination.

*Cruz v. New York*, 481 US. at 189-90.

In a joint trial, the jury will have access to the indictment which will expose them to the evidence of the presence of weapons not involving Mr. Sweet. The spillover effect and resultant prejudice to Mr. Sweet will be inevitable.

If the court declines to grant Mr. Sweet's motion for severance, he hereby reserves his right to request a severance based on inconsistent defenses, should any be asserted at trial if it becomes apparent that the jury's acceptance of a co-defendant's defense precludes his acquittal. *United States v. Tootick,* 952 F.2d 1078 (9th Cir. 1078). Likewise, if a co-defendant's attorney suggests to the jury that it may infer guilt from Mr. Sweet's silence, a motion for severance would lie. *DeLuna v. United States*, 308 F.2d 140 (5th Cir. 1962). Whether or not to grant a severance on these bases is within the sound discretion of this court. *Zafiro v. United States*, 506 U.S. 534 (1993).

For these reasons, and any that may appear at a hearing on this motion, Mr. Sweet respectfully moves the court to sever his trial from that of codefendant Curtis Wilson and to sever Counts Three and Four from Counts Two and Five of the indictment, and for any other appropriate relief.

    Respectfully submitted,

    _____
    JOANNE VASCO
    4102 Madison Street
    Hyattsville, Maryland 20781
    301.864.6424
    Attorney for Travis Sweet
    (Appointed by the Court)