UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-061(2) (RCL) |
| : | |
| TRAVIS SWEET, : | |
| : | |
| **Defendant** : | |
| : | |
| (Lead defendant Curtis Wilson) : | |
| : | |

**DEFENDANT SWEET'S MOTION TO SUPPRESS STATEMENT
WITH INCOPORATED MEMORANDUM IN SUPPORT THEREOF**

Defendant Travis Sweet, through counsel, respectfully requests that this Court suppress the statement he allegedly made on January 24, 2006.

**Background**

1.   On January 24, 2006, members of the Metropolitan Police Department executed a search warrant at 3650 Minnesota Avenue, SE, #101, Washington, D.C.  As a result of the search of the residence a number of guns and a quantity of drugs were allegedly seized during the search.

2.   On the day the search warrant was executed, all four defendants charged in the indictment were present and arrested.

3.   The indictment charges Sweet with one count of distribution of crack and one count of possession with intent to distribute crack.

4.   According to MPD Form 163 prepared after Mr. Sweet was arrested, at some point before, during, or after the search, Mr. Sweet stated "Sir can you get my ID it is in the toilet."  This is the statement Sweet seeks to suppress.

**MEMORANDUM**

Sweet's statement must be suppressed as a violation of the rules promulgated in *Miranda v. Arizona*[1] and the Fifth amendment to the Constitution. The Court recently revisited the applicability of the *Miranda* doctrine. In *Dickerson v. United States*[2], the Court reaffirmed that the Miranda warnings were "not simply a preliminary ritual to existing methods of interrogation," but instead referenced "rights grounded in a specific requirement of the United States Constitution."

**I.     Sweet was in custody.**   From the moment officers forcibly entered Apartment 101, Sweet was in custody.

**II.    Sweet was not read any Miranda warnings, nor was a PD-47 executed.** There is no evidence that Mr. Sweet was given the requisite Miranda warnings, or that he executed a PD form 47.

**III.   The statement was made in response to government interrogation**. Mr. Sweet's statement was obviously responsive to a question posed to him by officers executing the warrant. It is highly unlikely that Sweet would have volunteered this information before being posed a question.

**WHEREFORE**, it is respectfully requested that this motion be granted, and Sweet's statement be suppressed.

---

[1] 386 U.S. 436 (1966).
[2] 120 S.Ct. 2326, 2334 n.4 (2000).

Respectfully submitted,

/s/_____
JOANNE VASCO, ESQUIRE
Unified Bar Number 367042
4102 Madison Street
Hyattsville, Maryland 20781-1754
301.864.6424
Attorney for Travis Sweet
(Appointed by the Court)