**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NOS.  06-061 (RCL)** |
| | : | **06-156 (RCL)** |
| | : | |
| **TRAVIS SWEET,** | : | |
| | : | **STATUS HEARING: August 11, 2006** |
| **Defendant.** | : | |
| | : | |

**UNITED STATES' MOTION TO CONSOLIDATE
CASES FOR PURPOSES OF TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the

District of Columbia, hereby moves this Court, pursuant to Rule 13 of the Federal Rules of Criminal

Procedure, for an order consolidating the defendant's pending district court cases for purposes of

trial.  In support of this opposition, the United States would show the following:

**FACTUAL BACKGROUND**

**A.  Case No. 06-061**

1.  The defendant, Travis Sweet, was indicted on the charges of Unlawful Distribution of

Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Unlawful Possession

With the Intent to Distribute 5 Grams or More of Cocaine Base and aiding and abetting in violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and 18 U.S.C. § 2.[1]  The indictment arose out of

_____

[1]  There are three co-defendants who were also indicted.  Curtis Wilson is charged with
Unlawful Maintenance of Premises to Manufacture, Distribute, Store and Use a Controlled
Substance in violation of 21 U.S.C. § 856(a)(2) and Unlawful Possession of a Firearm and
Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term
Exceeding One Year in violation 18 U.S.C. § 922(g)(1).  Jerome Kinard is charged with
Unlawful Distribution of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).
Alonzo Patrick was charged with Unlawful Possession With the Intent to Distribute 5 Grams or

incidents that occurred on January 18, 2006[2] and January 24, 2006.

2.     On January 24, 2006, officers with the Metropolitan Police Department went to Apartment 101 located at xxxx xxxxxxxxx xxxxxx, xxx, Washington, D.C., to execute a search warrant. However, prior to executing the warrant, Officer Watts, acting in an undercover capacity, went to the apartment and knocked on the door. The defendant, Travis Sweet, opened the door. The undercover officer stated "what's up?, let me get six." The defendant then took $55 in pre-recorded funds from the undercover officer and went back into the apartment. The defendant returned a short time later with a ziplock bag that contained several smaller ziplock bags. Each of the smaller ziplocks contained a white rocklike substance. The defendant then poured six ziplock bags into the hands of the undercover officer, placed the remaining ziplocks bags in his pocket, and then went back into the apartment. The white rocklike substance later field-tested positive for cocaine. The undercover officer then left the area.

5.     Approximately ten minutes later, officers with the Metropolitan Police Department knocked on the door and executed the search warrant. When the door was not opened and the police waited a reasonable time, the police had to breach the door.

6. Upon entering the apartment, the police observed Mr. Wilson and Mr. Kinard running into

---

More of Cocaine Base and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and 18 U.S.C. § 2.

[2] On January 18, 2006, an undercover officer, King Watts, went to Apartment 101 and knocked on the door, it was answered by a black male – who was subsequently identified on January 24, 2006 as Jerome Kinard – who then asked what the undercover officer wanted. The undercover officer responded "twenty" and gave $20 in Metropolitan Police Department pre-recorded funds to Mr. Kinard in exchange for two ziplocks of a rocklike substance that later field-tested positive for cocaine. Mr. Kinard stated that he also had heroin. The undercover officer then left the area.

the bedroom. After the scene was secured, the police recovered 24 ziplocks of cocaine, one box of .357 ammunition, and one 380 Davis Industries semi-automatic pistol, loaded with seven rounds, from the window area of the same bedroom.

7. When the police entered the apartment, Sergeant Curtis Sloan observed an individual standing over the toilet bowl in the bathroom as it was flushing. Sergeant Sloan immediately went to the bathroom and observed an identification card and two plastic bags with a white rock-like substance in the toilet. Sergeant Sloan retrieved the identification card and the bags from the toilet bowl. The identification card in the toilet bowl belonged to the defendant, Mr. Sweet.

8. Mr. Sweet was attempting to hide behind the bathroom door when Sergeant Sloan entered the bathroom. Sergeant Sloan observed a plastic ziplock bag with an apple at Mr. Sweet's feet that contained thirty-five smaller ziplocks of a white rocklike substance that later field-tested positive for cocaine. The police recovered $226 from Mr. Sweet's person in a search incident to his arrest. Of that amount, there was $55 in Metropolitan Police Department funds. As Sergeant Sloan was patting down Mr. Sweet, Mr. Sweet spontaneously stated to Sergeant Sloan "Sir, can you get my ID? It is in the toilet." Sergeant Sloan indicated that he would retrieve the identification card. Mr. Sweet repeated this statement a moment later as Sergeant Sloan was waiting for the apartment to be secured.

## B. Case Number 06-156

9. The defendant was indicted on two counts of Unlawful Distribution of 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). This offenses occurred on April 25, 2006 and May 18, 2006.

10. On April 25, 2006, the defendant met with a cooperating witness in the 3300 block of

Brothers Place, S.E., Washington, D.C.  In exchanged for $500 in pre-recorded Metropolitan Police Department funds, the defendant gave the cooperating witness approximately 11 grams of cociane base.  This transaction was recorded by a camera hidden on the cooperating witness.

11.   Likewise, on May 18, 2006, at approximately 1:30 p.m., the defendant again met the same cooperating witness in the 3300 block of Brothers Place, S.E.  In exchanged for $730 in prerecorded Metropolitan Police Department funds, the defendant gave the cooperating witness 19 grams of cocaine base.  This transaction was recorded by a camera hidden on the cooperating witness.  It was also recorded by an officer located in the 3300 block of Brothers Place, S.E.

## ARGUMENT

The Court Should Consolidate The Cases For
Purposes of Trial Because The Case Could
Have Been Joined As Separate Counts In The Same Indictment

12.   The Court should consolidate these cases for purposes of trial because the charges against the defendant for distribution of cocaine base and possession with the intent to distribute 5 grams or cocaine base in 06-061 are "of the same or similar character" as the two counts for distribution of 5 grams or more cocaine base in 06-156.

13.   The United States' motion to consolidate these cases for purposes of trial is governed by Rule 13 of the Federal Rules of Criminal Procedure.  Rule 13 provides, in pertinent, that the Court "may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."  Thus, the issue becomes whether the charges against the defendant could have been brought in a single indictment.  Inasmuch as all of the charges against the defendant are of the same or similar character, the charges could have properly been brought in a single indictment.

-4-

14.  Rule 8(a) of the Federal Rules of Criminal Procedure governs when an indictment may contained multiple charges against a single defendant.  Rule 8(a) provides, in pertinent part, that an indictment may charge a defendant with multiple counts "if the offenses charged . . . are of the same or similar character, or are based on the same transaction, or are connected with or constitute parts of a common scheme or plan."  Cf. United States v. Janus Industries, 48 F.3d 1548 (10th Cir. 1995) (charges brought under different drug statutes are of the same or similar character).  Here, because the charges against the defendant are almost exactly the same in both cases, they are of the same or similar character.  See United States v. Lewis, 626 F.2d 940, 944-45 (D.C. Cir. 1980)(charges of distribution and possession with the intent to distribute arising on different dates are properly joined because they are of the same character); Dunaway v. United States, 205 F.2d 23, 2425 (D.C. Cir. 1953)(government's motion to consolidate properly granted  where the alleged larceny occurred on different dates; applying Rule 13 and Rule 8(a)); Smith v. United States, 180 F.2d 775 (D.C. Cir. 1950).[3]

15.  Rule 8(a) has been construed in favor of joinder, and, moreover, the language "similar" in the rule does not mean identical.  United States v. Gibbs, 904 F.2d 52, 56 (D.C. Cir. 1990); United States v. Edgar, 82 F.2d 499, 503 (1st Cir. 1996); United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996).  Applying the foregoing principles here, it is clear that the four charges against the defendant could have been brought in the same indictment.

16.  Indeed, the defendant is charged under the same section of the United States Code.  He is also charged with distributing and possessing with the intent to distribute the same narcotic,

---

[3]  See also United States v. Melendez, 301 F.3d 27, 35-36 (1st Cir. 2002)(citing United States v. Lewis, supra and collected cases; aiding and abetting distribution of cocaine base and possession with the intent to distribute cocaine base properly joined).

cocaine base. Further, in three of the four relevant charges, the defendant is charged with that provision of the code that relates to more than five grams of cocaine base. Thus, while the charges are not exactly the same, the four offenses committed by the defendant are similar within the meaning of Rule 8(a) of the Federal Rules of Criminal Procedure. United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002)(construing the term "similar" within the meaning of Rule 8(a)). Therefore, they could properly have been joined in a single indictment and may properly be consolidated for purposes of trial.

17. Of course, the defendant is free to contend that joinder would have been improper if the charges had been indicted and could have sought a severance under Rule 14 of the Federal Rules of Criminal Procedure. Separate trials may be ordered by the Court if the defendant would be unduly prejudiced. United States v. Janus Industries, supra, 48 F.3d at 1557. However, there must be more than a mere allegation of spillover effect caused by multiple counts in the same indictment. Id. Indeed, the distributions made by the defendant on April 25th and May 18th would be admissible under Rule 404(b) of the Federal Rules of Evidence on the issue of the defendant's defendant's intent to distribute on January 24th.

18. Furthermore, there is nothing in the record here to suggest that a jury could not follow instructions to sort through the evidence and consider each count separately. United States v. Turner, 93 F.3d 276, 283-284 (7th Cir. 1996)(multiple drug charges properly joined and denial of severance not an abuse of discretion).. In sum, the defendant would have to show that he cannot have a fair trial in the absence of severance. Id.

19. In summary, the four narcotics charges are properly tried together because they are the same and/or similar enough, within the meaning of Rule 8(a), that they could have been joined in

a single indictment. Moreover, there is nothing to suggest that the defendant would be unduly prejudiced by their joinder.

## **<u>CONCLUSION</u>**

Therefore, upon the foregoing facts and the authorities cited, the Court should grant the United States' Motion to Consolidate for Purposes of Trial.


Respectfully,
KENNETH L. WAINSTEIN
United States Attorney


By: _____
MICHAEL T. TRUSCOTT
ASSISTANT UNITED STATES ATTORNEY
Member of the New York Bar
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
Phone: (202) 514-7533
Fax: (202) 514-6010

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing United States' Motion to Consolidate for Purposes of Trial was caused to be served via United States Mail, postage prepaid, upon counsel of record for the defendants, this $^{30th}$ day of June, 2006, upon:

Joanne Vasco
4102 Madison Street
Hyattsville, Maryland 20781

Tony Axam, Jr.
Assistant Federal Public Defender
625 Indian Avenue, N.W., Suite 550
Washington, D.C. 20004

James L. Lyons
Kellogg, Williams & Lyons
1925 K Street, N.W., Suite 200
Washington, D.C. 20006

Diane Lepley
400 Seventh Street, N.W.
Suite 400
Washington, D.C. 20004


_____
MICHAEL T. TRUSCOTT