UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Nos. 06-61 (RCL) |
| | : | |
| **TRAVIS SWEET,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

**OPPOSITION TO UNITED STATES' MOTION TO
CONSOLIDATE CASES FOR PURPOSES OF TRIAL**

     Travis Sweet, through counsel, hereby opposes the government's motion to consolidate the above-referenced cases for the following reasons:

     1.    Mr. Sweet was initially charged by indictment with one count of distribution of cocaine base, and one count of possession with intent to distribute (PWID) 5 grams or more of cocaine base. Also charged in the indictment were Curtis Wilson, Alonzo Patrick, and Jerome Kinard. Mr. Sweet was charged with one count of distribution of cocaine base to an undercover officer out of an apartment located at 3650 Minnesota Avenue, S.E. Washington, D.C. on January 24, 2006. In addition, as a result of the execution of a search warrant on the apartment on January 24, 2006, Mr. Sweet was jointly charged with Alonzo Patrick in the PWID count. Mr. Sweet was not charged with engaging in any criminal conduct on January 18, 2006.

     2.    Some three months later, a second indictment was returned charging Mr. Sweet with two counts of distribution of cocaine base to a confidential informant on April 25, and May 18, 2006, in the 3300 block of Brothers Place, S.E. Washington, D.C.

     3.    Although an argument can be made that all of these charges are of the same or similar character, there are "boundaries, though imprecise, to the discretion of the trial judge" in

permitting consolidation. *Dunaway v. United States*, 205 F.2d 23, 25 (D.C. Cir. 1953). In particular, the court should consider whether the trial would be for "(1) two or more distinct felonies, though of the same class, (2) alleged to have been committed at different times and places, (3) not part of a common plan, and (4) not dependent upon the same proof". *Dunaway, supra,* citing *Kidwell v. United States,* 38 App. D.C. 566, 570 (1912) (numbers added). The *Kidwell* court found it "doubtful whether separate and distinct felonies, involving different parties, not arising out of the same transaction or dependent upon the same proof, should ever be consolidated." *Kidwell,* at 570.

   4.  In these two cases, the felonies are of the same class, but are decidedly distinct. In 06-061, (but not in 06-156) Mr. Sweet is charged with PWID cocaine base. The indictments contain charges committed 3 months apart and in different locations. 06-061 alleges criminal conduct on January 24, 2006 at 3650 Minnesota Avenue, S.E.; 06-156 alleges criminal conduct three months later in the 3300 block of Brothers Place, S.E. Moreover, in 06-061, Mr. Sweet is alleged to have jointly possessed with the intent to distribute cocaine base with Alonzo Patrick. Mr. Sweet alone is charged in the 06-156 indictment. These two addresses are 6 miles apart, certainly of a sufficient distance to weaken an argument that the distributions were a part of a common plan of distribution. The fact that the first indictment involves a group of people and the second charges Mr. Sweet alone also belies any notion that all of the acts were part of a common plan.

   5.  Proof of the offenses in the two indictments is entirely distinct. 06-061 requires the testimony of the undercover officer who allegedly purchased crack from Mr. Sweet at 3650 Minnesota Avenue, as well as the officers who executed the search warrant on the apartment.

06-156 requires the testimony of the cooperating witness who set up Mr. Sweet for the alleged sales of crack.

6.    A trial on these charges is scheduled to commence August 28, 2006.  Mr. Sweet is currently scheduled for trial on a charge of distribution of PCP, to be tried in the Superior Court of the District of Columbia on _____.[1]  A conviction on that case is likely.

7.    Mr. Sweet will suffer prejudice and will not receive a fair trial if these cases are consolidated.  At a trial in the instant case, if the cases are consolidated, Mr. Sweet would testify in defense of the PWID charge contained in 06-061, in that Mr. Alonzo Patrick alone possessed the cocaine base recovered in the execution of the search warrant.  After testifying, Mr. Sweet would undoubtedly be impeached with a Superior Court PCP conviction. If the cases are not consolidated, Mr. Sweet would not testify in 06-156 and thus avoid this specific prejudice.

8.    For all of the above reasons, Mr. Sweet opposes consolidation of these cases.

/s/_____
JOANNE VASCO, ESQUIRE
Bar Number 367042
4102 Madison Street
Hyattsville, MD 20781
301.864.6424
Attorney for Travis A. Sweet
(Appointed by the Court)

---

[1] The date of this trial to be provided.