UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-061 (RCL) and |
| : | CRIMINAL NO. 06-156 (RCL) |
| : | |
| TRAVIS SWEET, : | |
| : | |
| Defendant. : | |

*let this be filed.*
*Royce C. Lamberth*
*U.S.D.J. 8/18/06*

### GOVERNMENT'S SUBMISSION TO THE COURT
### IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Travis Sweet, hereby submit the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSES

The essential elements of the offense of Unlawful Distribution of a Controlled Substance (Cocaine Base), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), are:

1. The defendant distributed a controlled substance. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected anything of value in return.

2. That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. The law makes Cocaine Base a controlled substance. The substance distributed by the defendant must be a measurable amount of cocaine base. It must also be smokeable.

The essential elements of the offense of Unlawful Distribution of Five Grams or More of a of a Controlled Substance (Cocaine Base), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii), are:

1. The defendant distributed a controlled substance. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected anything of value in return.

2. That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. The law makes Cocaine Base a controlled substance. The substance distributed by the defendant must be a measurable amount of cocaine base. It must also be smokeable.

4. That the amount distributed by the defendant weighed more than five grams.

## II.   COPY OF THE PLEA AGREEMENT

A copy of the plea agreement, not yet executed by the defendant, is attached.

## III.   PENALTIES

Pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), the potential sentence for Unlawful Distribution of Cocaine Base:

1. a term in prison of not more than 20 years;
2. a fine of not more than $1,000,000; and
3. a term of supervised release of not more than three years.

Pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), the potential sentence for Unlawful Distribution of Five Grams or More of Cocaine Base:

1. a term in prison of not less than five years and not more than 40 years;
2. a fine of not more than $2,000,000; and
3. a term of supervised release of not more than five years.

IV.    FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

Unlawful Distribution of Cocaine base in 06-061

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on January 24, 2006, an undercover officer (UC) with the Metropolitan Police Department went to Apartment 101 at 3650 Minnesota Avenue, S.E., Washington, D.C. After the UC knocked on the door to the apartment, it was answered by a black male, who was later identified as the defendant, Travis Sweet. The UC stated to the defendant "what's up? let me get six." and he then handed the defendant $55 in prerecorded Metropolitan Police Department funds. After the defendant went into the apartment for a minute, he returned to the door and took six small ziplocks out of a larger ziplock bag, and handed the six to the UC. Each of the six ziplocks contained a white rocklike substance that was later analyzed by the DEA and determined to be cocaine. The total weight of this cocaine base was .57 grams. The defendant returned into the apartment.

A few moments later, members of the Metropolitan Police Department executed a search warrant at Apartment 101. A police officer found the defendant hiding in the bathroom. The officer also found the defendant's identification card floating in the toilet bowl, along with a plastic bag that contained a white rocklike substance that was later determined to be cocaine base. The weight of this cocaine base was 34.2 grams. The defendant was positively identified by the UC as the person

who distributed the cocaine base. In a search incident to arrest, the police recovered $226 in United States Currency, including the $55 in prerecorded funds. Expert testimony would have established that the cocaine base was smokeable.

Unlawful Distribution of Five Grams or More of Cocaine Base in 06-156

Had this matter gone to trial, the Government was prepared to prove beyond a reasonable doubt that on May 18, 2006, at approximately 12:50 p.m., members of the Metropolitan Police Department were working with a cooperating witness (CW). While under the observation of the police, the CW arranged to purchase cocaine base from the defendant, Travis Sweet. The defendant agreed to sell the CW a "quarter and three eight balls" of cocaine base for $725.

Pursuant to the agreement, the sale was to occur in the 3300 block of Brother Place, S.E., Washington, D.C. The CW was searched by the police had found to not be in possession of any contraband. The CW was then fitted with a visual recording device, as well as a short distance radio transmitter. The CW and the defendant met at the prearranged location at approximately 1:23 p.m. When the defendant arrived, the CW and the defendant had a brief conversation about the purchase, which was overheard through the radio transmitter by the police. The CW gave then the defendant $730 in Metropolitan Police Department prerecorded funds and the defendant gave the CW a white rocklike substance that was later analyzed by the DEA and determined to be cocaine base. The weight of this cocaine base was 16.8 grams. The defendant told the CW that "I just sold a few, this shit is butter." The CW and the defendant parted company shortly thereafter.

The entire transaction was recorded through the visual recording device on the CW. The CW was then picked up by the police and turned over the cocaine base. Expert testimony would have established that the cocaine base was smokeable.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

MICHAEL T. TRUSCOTT
Assistant United States Attorney
Member of the New York Bar
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
202-514-7533

### DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Joanne Vasco, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 8-18-06

TRAVIS SWEET
Defendant

### ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 8-18-06

JOANNE VASCO
Attorney for Defendant