UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No.   06-061 (RCL) |
| : | |
| TRAVIS SWEET, : | |
| : | |
| Defendant : | |
| : | |

## SENTENCING MEMORANDUM

Travis Sweet is scheduled to be sentenced on December 1, 2006, pursuant to a plea of guilty entered on August 18, 2006 to Count Three of the Indictment in Case No. 06-061, Unlawful Distribution of Cocaine Base, and Count 2 of the Indictment in Case No. 06-156, Unlawful Distribution of Five Grams or More of Cocaine Base.

Mr. Sweet is 23 years old, and has no previous juvenile or adult criminal convictions. Thus, Mr. Sweet is eligible for a 2-point reduction in his sentence pursuant to USSG § 5C1.2, and USSG § 2D1.1(9).  To qualify for this reduction, a defendant is required to truthfully provide to the government all information and evidence he has concerning the offenses, but the fact that a defendant may not have relevant or other useful information to provide does not prevent the application of a 2-level reduction. USSG § 5C1.2(5).

After Mr. Sweet entered his guilty pleas, the government interviewed him in order to obtain additional information regarding his offenses.  Specifically, the government sought the names of Mr. Sweet's suppliers.  Mr. Sweet did not know the name of the principal supplier of the drugs he had sold.  He told the government he met with an intermediary on the street named "Unc" who had obtained the drugs from a supplier, and transferred them to Sweet.  Mr. Sweet

always met Unc on the street, did not have the full name, telephone number, or address of Unc, and did not know from whom Unc obtained the drugs. Based on Mr. Sweet's responses, the government concluded that Mr. Sweet did not provide truthful responses to its questions. Other than the government's conclusory assertion that Mr. Sweet did not provide truthful information regarding his drug source, the government alleges no basis for stating that Mr. Sweet did not provide a truthful statement. *See, United States v. Kang,* 143 F.3d 379 (8th Cir. 1998) (record did not support rejection of defendant's request for safety valve reduction where government did not produce evidence that defendant had been untruthful); *United States v. Miranda-Santiago*, 96 F.3d 517 (1st Cir. 1996) (district court's bare conclusion that defendant did not "cooperate fully" did not support refusal to grant relief pursuant to ..... 5C1.2, absent either specific factual findings or easily recognizable support in record). Mr. Sweet is fully aware of the fact that his sentence will be favorably affected if he provides the government with all of the information within his knowledge. However, he is also aware that his responses must not contain fabrications or embellishments. Mr. Sweet has told all that he knows.

    Mr. Sweet requests that at the time of sentencing, this court make an independent determination as to the completeness and truthfulness of Mr. Sweet's responses to the government's inquiries. Mr. Sweet is prepared to answer any questions put to him by the court on this matter. *See, United States v. Sherpa,* 110 F.3d 656 (9th Cir. 1997) (safety valve requires separate judicial determination of compliance).

      Respectfully submitted

      /s/_____
      JOANNE VASCO, ESQUIRE
      Bar Number 367042
      4102 Madison Street
      Hyattsville, MD 20781
      301.864.6424
      Attorney for Travis A. Sweet
      (Appointed by the Court)