BY FACSIMILE

December 12, 2006

AUSA Michael Truscott
Office of the U.S. Attorney for the
  District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530

               Re:    *United States v. Travis Sweet*
                       Criminal Number 06-061 (RCL)

Dear Mr. Truscott:

This letter is a memorialization of and elaboration on the telephone message I left on your voicemail today, at approximately 12:45 p.m.

I hereby request discovery of material relevant to Mr. Sweet's sentencing. Specifically, pursuant to the court's scheduling of a second sentencing hearing to obtain additional evidence regarding Mr. Sweet's eligibility for application of the safety valve provision of the guidelines, Mr. Sweet requests discovery relating to the issue of whether or not Mr. Sweet provided a truthful statement to police about the circumstances of the offenses.

Generally, Mr. Sweet requests all material which supports the government's contention that Mr. Sweet has not been truthful and all material which will form the basis of the officer's testimony that Mr. Sweet has not been truthful.

Specifically, Mr. Sweet requests the following:

1. Written reports of Mr. Sweet's debriefing sessions.
2. Written reports of co-defendants' debriefing sessions.
3. Arrest reports and written and oral statements of co-defendants containing information about Mr. Sweet.
4. Investigative reports regarding any attempts made by police to verify the information provided by Mr. Sweet at the debriefings.
5. Grand jury testimony of the testifying officers
6. Reports and/or oral statements by co-defendants which support Mr. Sweet's statement regarding the circumstances of the offense.
7. Any and all other material which forms the basis of the government's belief that Mr. Sweet has not been truthful regarding the circumstances of the offense.

In making these requests, Mr. Sweet relies upon right to due process; *Burns v. United States,* 501 U.S. 129, 138-39 (1991); *Brady v. Maryland,* 373 U.S. 83 (1963) (all favorable evidence material either to guilt <u>or to punishment)</u>; Jencks Act, 18 U.S.C. § 3500; *United States v. Rosa,* 891 F.2d 1073 (3d Cir. 1989) (Jencks Act applies to contested sentencing hearings when government witness testifies); Fed.R.Crim.P. 26.2 (witness statement, including grand jury producible under this rule and applies to sentencing).

        Sincerely yours,

        _____

        Joanne Vasco, Esquire